**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CHARLES HENRY IRELAND FOLTZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | **21-11848-FDS** |
| **THE COMMONWEALTH OF** ) | |
| **MASSACHUSETTS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

**SAYLOR, J.**

This is an action by a state prisoner seeking money damages arising out of what he

contends is an unlawful confinement.  Plaintiff Charles Henry Ireland Foltz, at the time he filed

this action, was confined at the Barnstable County House of Correction ("BCHOC").[1]  For the

reasons set forth below, the Court will order that this action be dismissed.

**I.    Background**

Foltz alleges that in the course of a pending criminal prosecution against him in Orleans

District Court, his petition challenging the legality of his custody was denied without a hearing.

He claims that is "clear and unequivocal for intentional malicious conspiracy against rights under

[18 U.S.C. § 241] and deprivation of rights under § 242 for inaction and denial of law and

---

[1] It appears from the docket of other cases commenced by Foltz in this Court that he is no longer confined at the BCHOC and that he has not provided any other address for service.  *See Foltz v. Commonwealth*, C.A. No. 21-11865-DJC (indicating that mail sent to Foltz at the BCHOC on December 23, 2021, was returned as undeliverable on January 18, 2022, and that Foltz did not file a notice of change of address); *Foltz v. Harrington*, C.A. No. 21-11940-DJC (indicating that mail sent to Foltz at the BCHOC on January 7, 2022, was returned as undeliverable on January 24, 2022, and that Foltz did not file a notice of change of address).

fiduciary duty, causing fully noticed, intentional and irreversible harm to Plaintiff's life, liberty and property."  Compl. at 4.  The Commonwealth of Massachusetts is the sole defendant. The only relief that Foltz seeks is $10 million in damages.  *Id.*

## II.   **Discussion**

The Court is without jurisdiction to entertain this action because the Commonwealth is immune from suit in a federal court with regard to Foltz's claims.  The Eleventh Amendment of the United States Constitution generally bars suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).  Here, the Court cannot discern any claim for relief as to which that immunity does not apply. Therefore, the Court does not have jurisdiction to require the Commonwealth to respond to Foltz's complaint.

In any event, even if the Commonwealth's Eleventh Amendment immunity was not a bar to this action, Foltz's action must be dismissed on other grounds.  To the extent that the criminal action against Foltz is still pending, the Court must abstain from exercising jurisdiction because adjudicating Foltz's claim would needlessly interfere with the state proceedings.  *See In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("Federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971))).  If the criminal action against Foltz was completed before he filed this action, the Court lacks jurisdiction over his claim under the *Rooker-Feldman* doctrine, which precludes a federal district court from

exercising jurisdiction over an action brought by a party who lost in state court and is "seeking review and rejection of that judgment" in a federal district court.[2] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

Finally, the Court notes that 18 U.S.C. §§ 241 and 242 do not authorize a private individual to bring a civil action against a person or entity that has committed the criminal acts prohibited by these statutes. *See, e.g.*, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C §§ 241-242.").[3]

Accordingly, this action is DISMISSED without prejudice.  No filing fee is assessed.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Date:  April 19, 2022

---

[2] The term "*Rooker-Feldman* doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[3] Foltz also filed an "addendum" to his complaint in which he purports to assert a claim for declaratory judgment.  See Dkt. No. 1-2.  The addition of this document to his pleading does not change the outcome of this case.